UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GEORGE ELMER HYSMITH,

   Petitioner,

v.                                         Case No.  3:17cv473-LC-CJK

JULIE L. JONES,

   Respondent.
_____/

REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record.  (Doc. 18).  Petitioner opposes the motion.  (Doc. 20).  The matter is referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that petitioner's habeas petition should be dismissed as time-barred.

BACKGROUND FACTS AND PROCEDURAL HISTORY

On August 31, 2010, a Florida jury found petitioner guilty of five crimes in Santa Rosa County Circuit Court Case No. 2009-CF-355: three counts of sexual battery of a child less than 12 years of age by a defendant over 18 (Counts 1, 2 and 3), lewd or lascivious molestation of a child less than 12 by a defendant over 18 (Count 4), and lewd or lascivious conduct (Count 5). (Doc. 18, Ex. A).[1] The trial court adjudicated petitioner guilty and sentenced him to concurrent terms of life in prison for each sexual battery and 15 years in prison for each lewdness offense. (Ex. B). Judgment was rendered October 4, 2010. On October 8, 2012, the Florida First District Court of Appeal (First DCA) affirmed the judgment per curiam without opinion. *Hysmith v. State*, 97 So. 3d 827 (Fla. 1st DCA 2012) (Ex. C).

On June 7, 2013, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which he later amended. (Ex. D, pp. 1-30). The state circuit court denied relief by order rendered October 28, 2015. (*Id.*, pp. 31-43). Petitioner did not timely appeal.

Petitioner later filed a *pro se* petition for belated postconviction appeal in the First DCA pursuant to Florida Rule of Appellate Procedure 9.141(c). The First DCA

---

[1] References to exhibits are to those provided at Doc. 18.

*Case No. 3:17cv473-LC-CJK*

assigned Case No. 1D16-0706, and granted the petition on June 7, 2016. *Hysmith v. State*, 192 So. 3d 712 (Fla. 1st DCA 2016) (copy at Ex. E). The court directed: "Upon issuance of mandate, a copy of this opinion shall be furnished to the clerk of the lower tribunal for treatment as a notice of appeal." (*Id*.). After the mandate issued, a construed notice of appeal was filed in the First DCA on July 12, 2016, and assigned Case No. 1D16-3156. (Ex. G). The First DCA summarily affirmed the denial of postconviction relief on March 21, 2017. *Hysmith v. State*, 224 So. 3d 213 (Fla. 1st DCA 2017) (Table). The mandate issued April 18, 2017. (Ex. G).

On June 29, 2016, petitioner filed a *pro se* motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), claiming his sentence on Count 4 was illegal because it was below the statutory limit for a life felony. (*See* Ex. F, p. 1). By order rendered August 19, 2016, the state circuit denied the motion, concluding that petitioner's 15-year sentence was legal because it was within the statutory limits for a first degree felony, which was the offense level for lewd or lascivious molestation. (*Id*., p. 2). The state court noted that the written judgment incorrectly identified the degrees of the two lewdness offenses (Counts 4 and 5) as life felonies instead of first and second degree felonies, respectively. (*Id*., p. 2). The court sua sponte corrected the judgment and ordered the clerk to prepare a corrected written judgment reflecting the proper offense level designations. (*Id*., pp. 2-3). A

corrected judgment was entered on or about August 30, 2016.  (Doc. 1, Ex. A). Petitioner did not appeal from the order denying his Rule 3.800(a) motion.

Petitioner filed his *pro se* federal habeas petition on July 12, 2017.  (Doc. 1). Respondent asserts the petition is time-barred.  (Doc. 18).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claim on a right newly recognized by the United States Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's judgment became final.  *See* 28 U.S.C. § 2244(d)(1).

Respondent asserts petitioner's judgment became final for purposes of § 2244(d), on January 6, 2013, when the 90-day period for filing a certiorari petition in the United States Supreme Court expired following the First DCA's October 8, 2012, affirmance.  (Doc. 18).  Petitioner asserts that the 2016 corrected judgment constitutes a new judgment within the meaning of § 2244, and that the limitations period did not begin to run until that judgment became final.  (Doc. 1, p. 12; Doc. 20).

In *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1288 (11th Cir. 2007), the Eleventh Circuit held that "AEDPA's statute of limitations runs from the date

*Case No. 3:17cv473-LC-CJK*

the judgment pursuant to which the petitioner is in custody becomes final, which is the date both the conviction *and* sentence the petitioner is serving become final." The *Ferreira* decision applied *Burton v. Stewart*, 549 U.S. 147 (2007), which held that the judgment that forms the basis of a § 2254 habeas petition is the one that places the petitioner in custody. *See Burton*, 549 U.S. at 153; *see also Ferreira* at 1292 ("[T]he judgment to which [section 2254(a)] refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention.").

Petitioner is in custody pursuant to the October 4, 2010, judgment which adjudicated him guilty of the five offenses and imposed the sentences he is now serving. The trial court's August 19, 2016, order did not revise or vacate any of petitioner's convictions or sentences and replace them with new ones. Instead, as the trial court specified, it "correct[ed] the written judgment to reflect the proper designations of [petitioner's] convictions on Counts 4 and 5." (Ex. F, pp. 2-3). The court did nothing more than correct a clerical error. Under Florida law, a sentencing court retains the inherent power to, at any time, correct clerical errors in its own judgments. *See Boggs v. Wainwright*, 223 So. 2d 316, 317 (Fla. 1969) (recognizing that "a court of record may . . . correct clerical mistakes in its own judgments and records" (citation omitted)); *Drumwright v. State*, 572 So. 2d 1029, 1031 (Fla. 5th

DCA 1991) ("Florida has long recognized a court's inherent power to correct clerical errors.").

The corrected written judgment, itself, confirms this fact. The corrected written judgment confirmed the single, first page on the original judgment. On that first page, there are prescribed areas for marking whether the corrected judgment reflects a "Probation Violator", "Community Control Violator", "Resentence" or "Retrial". (Doc. 1, Ex. A). None of those boxes are marked. Instead, as the trial court specified, the degree of "Lewd/Lascivious Molestation" is corrected from "Felony Life" to "Felony First Degree"; and the degree of "Lewd and Lascivious Conduct" is corrected from "Felony Life" to "Felony Second Degree". (Doc. 18, Ex. F, p. 7; Doc. 1, Ex. A). The only judgment that authorizes petitioner's confinement are the sentences entered in 2010. The 2010 judgment "committed [petitioner] to the custody of the Department of Corrections," (doc. 18, Ex. B), and that commitment has never been vacated or replaced. The correction did not trigger a new direct appeal and did not give the Florida Department of Corrections any new authority to imprison petitioner. *See Patterson v. Sec'y, Fla. Dep't of Corr.*, 849 F.3d 1321, 1326-27 (11th Cir. 2017) (holding that state court's order granting petitioner's motion to correct sentence to remove chemical castration did not qualify as a new judgment because the state court "never issued a new prison sentence . . .

to replace" his original sentence or "issue[d] a new judgment authorizing [his] confinement"); *id*. at 1326 ("We have held that when a court corrects a clerical mistake, no new judgment arises." (citations omitted)); *see also, e.g., Booth v. Sec'y, Fla. Dep't of Corr*., 729 F. App'x 861 (11th Cir. 2018), *petition for cert. filed*, No. 18-6026 (U.S. Sept. 18, 2018) (holding that state court's order correcting petitioner's written judgment to reflect that his sentences ran concurrently, not consecutively, did not qualify as a new judgment and did not restart § 2244(d)'s limitations period: "That order did not authorize Booth's confinement, nor did it vacate any of his sentences and replace them with new ones. . . . Booth remains incarcerated under the trial court's original June 5, 2008 judgment, . . . and the November 6, 2014 order does not give the Florida Department of Corrections any new authority to imprison Booth."); *Bishop v. Secretary, Fla. Dep't of Corr*., No. 3:13cv118/MCR/EMT, 2013 WL 5596776 (N.D. Fla. Oct. 11, 2013) (reaching the same conclusion on facts identical to those here, where the trial court ordered the clerk of court to amend a judgment to reflect that a crime was a first degree felony instead of a first degree felony punishable by life).

Petitioner's October 4, 2010, judgment became final for purposes of § 2244(d), on January 6, 2013, which is ninety days after the First DCA's October 8, 2012, affirmance of the judgment.  *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309

F.3d 770, 773 (11th Cir. 2002) (holding that the statute of limitations under § 2244(d) did not begin to run until the 90-day window for filing a certiorari petition with the United States Supreme Court expired). The limitations period began to run one day later, on January 7, 2013, and expired one year later, on January 7, 2014, absent tolling. *See San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1) applies to calculation of the AEDPA's one-year limitations period; thus, the limitations period begins to run from the day after the day of the event that triggers the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run).

Petitioner allowed 152 days of the limitations period to pass before filing his Rule 3.850 motion on June 7, 2013. That motion was pending, and statutorily tolled the limitations period, from June 7, 2013, (the date it was filed) until November 27, 2015, (the date the 30-day period to timely appeal from the October 28, 2015, order expired). *See Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-1384 (11th Cir. 2006) (holding that Florida prisoner's postconviction motion remained "pending" under § 2244(d)(2) until the appeal period expired); Fla. R. Crim. P. 3.850(g) (providing a movant 30 days to timely appeal an order denying postconviction

relief); Fla. R. App. P. 9.140(b)(3) (same); *see also, e.g., McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 252 (11th Cir. 2007) ("[W]e reject the argument that a state post-conviction motion remains 'pending' after the standard time to file an appeal expires merely because a state provides a procedure for seeking an out-of-time appeal in special circumstances or because a state court ultimately grants a petition for an out-of-time appeal.").

The limitations period began running again on November 28, 2015, and expired 213 days later on June 27, 2016. Neither petitioner's petition for belated postconviction appeal, nor his Rule 3.800(a) motion, nor his belated postconviction appeal statutorily tolled the limitations period. The petition for belated appeal is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," under § 2244(d)(2). *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015). The court explained in *Espinosa*:

> Espinosa's petition for belated appeal is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2). "[R]eview of a petition for belated appeal does not reach the merits of the anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." *Jones v. State*, 922 So. 2d 1088, 1090 (Fla. Dist. Ct. App. 2006). "[I]t challenges events that occur after the final order is rendered." *Id*. An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were "circumstances unrelated to [his] counsel[ ] . . .

> that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal." Fla. R. App. P. 9.141(c)(4)(F). A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious." *State v. Trowell*, 739 So. 2d 77, 80 (Fla. 1999). The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. *Kholi*, 131 S. Ct. at 1285 (*quoting Kholi v. Wall*, 582 F.3d 147, 153 (1st Cir. 2009)) (internal quotation mark omitted). Accordingly, a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).

*Id*. at 1141 (*quoting Wall v. Kholi*, 562 U.S. 545, 553 (2011)).

Petitioner's Rule 3.800(a) motion and belated postconviction appeal were filed after the limitations period expired on June 27, 2016, so they had no tolling effect under § 2244(d)(2). *See Alexander v. Sec'y, Dep't of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008) (holding that a state court application for postconviction or other collateral review cannot toll the limitations period if that period has already expired); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) (same). Nor did the later filings reinitiate the federal limitations period. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Even assuming arguendo, as respondent suggests (doc. 18, p. 3), that petitioner's belated postconviction appeal was "filed" on the date the First DCA issued its June 7, 2016, order granting a belated appeal (as opposed to the date the construed notice of appeal was actually filed upon issuance of the mandate), the

petition is still untimely. Between November 28, 2015, and June 7, 2016, 192 days passed, leaving 21 days on petitioner's one-year clock.[2] The mandate in petitioner's belated postconviction appeal issued April 18, 2017, making petitioner's federal habeas petition due May 9, 2017.

## CONCLUSION

Petitioner's federal habeas petition, filed July 12, 2017, is untimely. Petitioner does not establish entitlement to equitable tolling or any other exception to the limitations bar. Petitioner's untimely petition should be dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v.*

---

[2] 152 days + 192 days = 344 days.

Case No. 3:17cv473-LC-CJK

*Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 18) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. George Elmer Hysmith*, Santa Rosa County Circuit Court Case No. 2009-CF-355, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4. That a certificate of appealability be DENIED.

At Pensacola, Florida this 22nd day of October, 2018.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.